Robert G. Berger
Mistee L. Godwin
Lonabaugh and Riggs, LLP
50 East Loucks Street, Suite 110
P.O. Drawer 5059
Sheridan, WY 82801
(307) 672-7444 / (307) 672-2230 FAX
bob@lonabaugh.com
mistee@lonabaugh.com

ATTORNEYS FOR DEFENDANTS MALCOLM WALLOP, PAUL STEBBINS WALLOP, WALLOP CANYON RANCH, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SCOTT MADISON GOODWYN,) individually, and as a Limited Partner, for) himself and on behalf of the WALLOP) FAMILY LIMITED PARTNERSHIP, a) Wyoming Limited Partnership, ) )     Plaintiff, ) ) vs. ) ) MALCOLM WALLOP, PAUL STEBBINS) WALLOP, WALLOP CANYON RANCH,) LLC, a Wyoming Limited Liability) Company; and JOHN DOES 1-10; ) )     Defendants. ) | CIVIL NO. 09-cv-00070-D |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO RULE 12(B)(1)&(6) OF
THE FEDERAL RULES OF CIVIL PROCEDURE**

The Defendants Malcolm Wallop, Paul Stebbins Wallop, and Wallop Canyon Ranch, LLC,

a Wyoming limited liability company (collectively "Defendants" or the "Wallop Defendants"), by

and through their undersigned counsel, and in support of their Motion to Dismiss Pursuant to Rule

12 (b)(1) & (6) of the Federal Rules of Civil Procedure, respectfully advise the Court as follows:

## STATEMENT OF RELEVANT FACTS

On March 31, 2009, Scott Madison Goodwyn ("Plaintiff" or "Goodwyn"), a resident of Arlington County, Virginia, filed his Verified Complaint in this matter (the "Complaint"), doing so in his individual capacity and as a limited partner for himself and on behalf of the Wallop Family Limited Partnership (the "WFLP"). (Compl., ¶¶ 1, 2.) The WFLP was organized under the laws of the State of Wyoming and its principal place of business is in Sheridan County, Wyoming. (Compl. ¶ 2.)

Defendant Wallop Canyon Ranch, LLC ("WCR") is a Wyoming Limited Liability Company and the general partner of the WFLP. Defendants Malcolm Wallop and Paul Stebbins Wallop, the sole members of WCR since 2002, are residents of Sheridan County, Wyoming and are limited partners in the WFLP. (Compl., ¶¶ 3, 4, 5, 6, 7, 8, 9, 18.)

From 1993 until 2002, the members of WCR, having equal ownership and management rights in the company, were Defendant Malcolm Wallop and his then wife, and mother of Goodwyn, French Carter Wallop. *See* Articles of Organization of Wallop Canyon Ranch Limited Liability Company, attached hereto as Exhibit "A", and Operating Agreement of Wallop Canyon Ranch Limited Liability Company, attached hereto as Exhibit "B". Following the divorce of Malcolm and French in 2002, French assigned her interest in WCR to Malcolm, who then assigned a half interest to Defendant Paul Wallop. *See* Assignment of Membership Interest Wallop Canyon Ranch Limited

Liability Company, attached hereto as Exhibit "C". French Carter Wallop is a citizen of Virginia.

Goodwyn alleges this is a diversity action whereby jurisdiction is proper pursuant to the federal diversity statute. (Compl., ¶ 11.) He asserts personal and derivative claims against the named defendants and unnamed John Does for (i) Breach of Fiduciary Duty; (ii) Accounting; (iii) Breach of Contract; and (iv) Breach of the Covenant of Good Faith and Fair Dealing. (Compl., ¶ 13.)

More specifically, Goodwyn alleges Defendants engaged in the following types of misconduct, resulting in damage to himself and the WFLP:

- Defendants mismanaged WFLP assets and affairs resulting in significant annual losses to WFLP since 1994 (Compl., ¶ 39);

- Defendants and/or their entities utilized WFLP assets for their own benefit and to the detriment of WFLP (Compl., ¶ 40);

- Defendants made loans to WFLP, thereby causing it's debt to increase, without first making a capital call on other partners (Compl., ¶¶ 40, 88);

- Defendants mismanaged with an intent to create losses for WFLP so as to devalue Plaintiff's partnership interest and squeeze Plaintiff out (Compl., ¶¶ 40, 59);

- Defendants controlled and benefitted from different operations conducted on WFLP lands, thereby diverting a positive opportunity for WFLP (Compl., ¶¶ 40);

- The accounting system utilized by Defendants to manage and generate the business records of the WFLP is in a state of disarray for the purpose of covering up

Defendants' irregular transactions and self dealing, lacks adequate accounting controls, and is insufficient to support the financial statements that have been presented to the Plaintiff (Compl., ¶¶ 40, 54);

- Monies received by WFLP have not been accounted for and were likely diverted by and for the benefit of Defendants (Compl., ¶¶ 40, 52);

- WFLP funds were used to pay various expenses benefitting only the Defendants (Compl., ¶ 40);

- Defendants transferred, diverted, and/or assigned WFLP assets and opportunities to their own entities without consideration and without knowledge or consent of Plaintiff, and without obtaining an appraisal of any interest transferred (Compl., ¶¶ 42, 88);

- Defendants exposed WFLP and its partners to additional potential interest, taxes, and penalties by preparing financial information and tax documents which contain incorrect income, expenses and other financial information that the partners relied upon in preparing their tax returns (Compl., ¶ 55);

While not all-inclusive, the foregoing list of allegations fairly summarizes the claims made in the Complaint, and provides the basis upon which Goodwyn relies to seek damages for the WFLP and himself.

Goodwyn did not allege in the Complaint that he made any effort to secure initiation of this derivative suit by WCR, the general partner of the WFLP, or any reason for not making such effort.

## **STANDARD OF REVIEW**

### I.      Lack of Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of the case

where subject matter jurisdiction is lacking.  The plaintiff is responsible for showing the court by a

preponderance of the evidence that jurisdiction is proper.  "Mere allegations of jurisdiction are not

enough."  *Heffington v. Bush et al.*, 2009 U.S. Dist. LEXIS 4535, * 9 (D.Kan. Jan. 22, 2009).

Because federal courts are "courts of limited jurisdiction, there is a strong presumption against

federal jurisdiction.  A court lacking subject matter jurisdiction must dismiss the cause at any stage

of the proceeding in which it becomes apparent that such jurisdiction is lacking.  When a defendant

brings a *Rule 12(b)(1)* motion to dismiss for lack of subject matter jurisdiction, the plaintiff must

carry the burden of proving jurisdiction."  *Id.* (internal citations omitted); *see also Southway v.*

*Central Bank of Nigeria*, 328 F. 3d 1267, 172 (10th Cir. 2003).

### II.     Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

when it is shown that plaintiff has failed to state a claim upon which relief can be granted.  When

faced with this defense, the court "must accept all the well-pleaded allegations of the complaint as

true and must construe them in the light most favorable to the plaintiff."  *Alvarado et al. v. KOB-TV,*

*L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).  The court is further directed to "look for plausibility

in the complaint."  *Id., citing Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1970, 167 L.Ed.2d

929 (2007).  In other words, the court "should look to the specific allegations in the complaint to

determine whether they plausibly support a legal claim for relief." *Id.*

## ARGUMENT

I.  **Plaintiff's Verified Complaint must be dismissed for want of subject matter jurisdiction for the reason that complete diversity of citizenship does not exist among the indispensable parties to this case.**

    A.  **Wallop Family Limited Partnership is an indispensable party whose joinder destroys diversity of citizenship and requires dismissal.**

The jurisdiction of federal courts is limited to controversies that (i) involve a federal question, or (ii) involve citizens of different states where the amount in controversy exceeds $75,000. The latter is the asserted basis for jurisdiction in the instant case, and is codified at 28 U.S.C. § 1332(a).

The diversity statute requires complete diversity of citizenship. *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). If this requirement is not met, the court must decline to hear the case. *Id.* at 195 ("The rule is inflexible and without exception, which requires this court . . . to deny its own jurisdiction . . . in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act."); *see also Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) ("[A] district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants.").

When considering whether diversity of citizenship exists, the court must determine the citizenship of all indispensable parties, even if not originally named in the lawsuit. *See Whalen*, 954 F.2d at 1096 ("[I]f a limited partnership was an indispensable party at the time the action was filed, the citizenship of the limited partnership is an appropriate factor in the 'complete diversity' calculus

even though the partnership was added as a party after the action was filed.").

In a derivative suit, the federal courts have held that a limited partnership on whose behalf the derivative action is brought, is an indispensable party. *See Bankston v. Burch*, 27 F.3d 164, 167-68 (5th Cir. 1994); *Buckley v. Control Data Corp.*, 923 F.2d 96, 98 (8th Cir. 1991); *New York Life Insurance Co. V. Ramco Holding Corp.*, 938 F.Supp. 754 (N.D. Okla. 1996). The analysis begins with the recognition that"it is the *partnership's* rights, not the limited partner's, that the lawsuit seeks to vindicate. Because the partnership possesses the right sought to be enforced, the partnership is, at a minimum, the real party in interest in a derivative lawsuit." *Bankston*, 27 F.3d at 167 (emphasis in original). Then applying the factors set forth in Rule 19(b), Fed. R. Civ. P., courts are in agreement that the absence of the limited partnership in a derivative suit will impair its ability to protect its interests, thus requiring dismissal if the entity cannot be joined without destroying subject matter jurisdiction. *See e.g., Whalen*, 954 F.2d at 1096 (partnership has "strong interest in insuring that it can protect against the depletion of its assets and, where necessary, in recovering those assets after they have been depleted").

Procedurally, the limited partnership is joined as a defendant. *See Buckley v. Control Data Corporation*, 923 F.2d 96, 98 (8th Cir. 1991) ("It is well established that an entity on whose behalf a derivative claim is asserted is a necessary defendant in the derivative action."). The reason for this alignment is that the company is deemed to be controlled by interests antagonistic to the complainant. *See Koster v. (American) Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 522-523 (1947), *citing Doctor v. Harrington*, 196 U.S. 579, 587 (1905).

Joining the limited partnership in this manner is fatal to the court's ability to exercise diversity jurisdiction. As explained by the United States Supreme Court in *Carden v. Arkoma Associates, supra,* diversity jurisdiction in a suit by or against a limited partnership depends on the citizenship of all of its partners, both general and limited. Thus, the mandatory joinder of the partnership destroys diversity because the partnership shares citizenship with each of its members, including the plaintiff. Litigants have urged courts to carve out an exception to the *Carden* rule, "complaining that if partnerships are *always* to be considered citizens of the same states in which their partners are citizens, then partners could never assert diversity jurisdiction in a suit against the partnership." *Whalen,* 954 F.2d at 1095 (emphasis in original). While acknowledging this argument might have some logical appeal, the Fifth Circuit noted that "the federal appellate courts have refused to recognize an exception to the *Carden* rule" and "[w]e likewise refuse to recognize such an exception." *Id., citing Buckley,* 923 F.2d at 97; and *Curley v. Brignoli, Curley & Roberts Associates,* 915 F.2d 81, 84 (2d Cir. 1990).

Applying this analysis to the instant case, the Complaint must be dismissed for want of subject matter jurisdiction. As enumerated above, the claims asserted by Goodwyn are derivative in nature. They seek relief for harm done directly to the WFLP, and only indirectly to Goodwyn and the other limited partners. In a case involving similar claims by a limited partner, i.e., breach of fiduciary duties and misconduct that diminished income to the partnership and the value of partnership interests, the Chancery Court of Delaware found that the plaintiff's claims were derivative, as opposed to direct. *Litman v. Prudential-Bache Properties, Inc.,* 611 A.2d 12, (D. Ch.

1992) (mismanagement that deprives a partnership of income and depresses the value of the partners' interests is a wrong to the partnership). Despite the fact that Goodwyn, like the plaintiff in *Litman*, asserts that he has been damaged by Defendants' actions, the alleged wrongs are to the WFLP, for which Goodwyn is not entitled to direct relief.

In accord with the authorities set forth above, then, the derivative nature of this suit requires joinder of the WFLP as a defendant. Doing so destroys diversity by positioning citizens of Virginia on both sides of the caption. The Court has no choice under these circumstances but to deny its own jurisdiction and dismiss the Complaint.

### B. French Carter Wallop is an indispensable party whose joinder destroys diversity of citizenship and requires dismissal.

Alternatively, this case should be dismissed because French Carter Wallop, another indispensable party, cannot be joined without destroying diversity.

Rule 19(b) of the Federal Rules of Civil Procedure sets forth factors to consider in determining whether a case must be dismissed if joinder of a party is not feasible. Those factors have been summarized as follows: "(1) to what extent a judgment rendered in the party's absence might be prejudicial to that party or others in the lawsuit; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the party cannot be joined." *See Bankston*, 27 F.3d at 168.

Applying these factors to the instant case, one must conclude that this case cannot proceed

without French Carter Wallop. Goodwyn alleges that Defendants Malcolm Wallop and Paul Stebbins Wallop are liable to him because of the manner in which they operated WCR, general partner of the WFLP, and demands an accounting and compensation relating to the operation of these entities from the time of their formation in 1993. What Goodwyn conveniently fails to disclose is that during most of the years brought into question by this suit, the person who was a 50% owner of WCR, with authority equal to that of Malcolm Wallop and exceeding that of Paul Wallop, who was not an owner or manager during those years, is Goodwyn's mother, French Carter Wallop. Should any part of Goodwyn's claims have merit, one of the persons who would be liable to compensate Goodwyn for his losses is his mother. Full and adequate relief cannot be afforded when such a prominent player in the alleged wrongdoing is absent from the case. Disposition of the case without French Carter Wallop may also leave the persons already parties subject to substantial risk of inconsistent obligations and later claims resulting from French's inability to protect her interests in this suit. Moreover, Goodwyn has an adequate remedy in State court, where diversity of citizenship is not an issue.

Because French Carter Wallop is indispensable to this suit, and her joinder prevents the Court from exercising subject matter jurisdiction due to her Virginia citizenship, the case must be dismissed.

## II. Plaintiff's Verified Complaint must be dismissed for failure to state a claim upon which relief may be granted.

Goodwyn failed to comply with all procedural requirements associated with filing a derivative suit. As a result, he lacks standing to bring this action and it must be dismissed.

Wyoming allows a limited partner to "bring an action in the right of the limited partnership to recover a judgment in its favor", but only in the event the "general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed." Wyo. Stat. § 17-14-1101. In the complaint, the limited partner is required to "set forth with particularity [his effort] to secure initiation of the action by a general partner or the reasons for not making the effort." Wyo. Stat. § 17-14-1103.

Analyzing almost identical statutes, the court in *Litman, supra*, found that plaintiffs assertions in the complaint that the general partners mismanaged the partnership were insufficient to show that demand should be excused "because the assertions [did] not state with particularity why they did not make a demand." *Litman*, 611 A.2d at 15. The court granted defendants' motion to dismiss reasoning that plaintiffs lacked standing to prosecute the action and "would not be entitled to relief under any set of facts which could be proved to support their claim." *Id.* at 16.

The same result is warranted in the instant case. Goodwyn was required to state either that he made demand on Defendant WCR to protect the interests of WFLP, or state the particular reasons why such demand was not made. Goodwyn failed to do both.

WHEREFORE, for the reasons stated herein, the Wallop Defendants respectfully request that the Court grant their Motion to Dismiss for want of subject matter jurisdiction, or on the alternative ground that the Plaintiff lacks standing to pursue this derivative suit.

DATED this 12th day of May, 2009.

LONABAUGH AND RIGGS, LLP

By: _____
Robert G. Berger - Atty No. 5-1624
Mistee L. Godwin - Atty No. 6-3540
Lonabaugh and Riggs, LLP
50 East Loucks St., Suite 110
P.O. Drawer 5059
Sheridan, Wyoming 82801
(307) 672-7444
(307) 672-2230 - Facsimile
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, **Mistee L. Godwin**, hereby certify that I served a true and correct copy of the within and foregoing document upon all counsel of record by mailing a copy thereof this 12th day of May, 2009, postage prepaid and duly addressed to the following:

S. Joseph Darrah
DARRAH & DARRAH, P.C.
254 East Second Street
Powell, WY 82435

Daniel B. Frank
Frank Law Office, P.C.
519 E. 18th Street
Cheyenne, WY 82001

*Attorneys for Plaintiffs*

OF LONABAUGH AND RIGGS, LLP